REED *v.* REED.

ASSUMPSIT—WHEN LIES.

> Where land is conveyed in consideration of a certain sum in cash and all of the notes which the grantor has given to the grantee, and the latter, without the knowledge of the grantor, fails to turn over one of such notes, he having transferred the same to a stranger, the grantor, upon being compelled to pay the note, can maintain an action of *assumpsit* against the grantee to recover the amount so paid.

Error to Wayne; Frazer, J.  Submitted January 14, 1896.  Decided March 3, 1896.

*Assumpsit* by Warren P. Reed against Alfred Reed for the breach of a special contract.  From a judgment for plaintiff, defendant brings error.  Affirmed.

*Edwin Henderson*, for appellant.

*James H. Pound*, for appellee.

MONTGOMERY, J.   Plaintiff became indebted to the defendant in the amount of about $5,000, represented by notes which had been given by plaintiff to defendant. Plaintiff had no memorandum of these notes, and, as the jury found, did not know the exact amount.   Plaintiff owned two store buildings in the city of Detroit, and he made an agreement with defendant to sell and convey to him these store buildings in consideration of $3,500 cash and all the notes which he (plaintiff) had given to defendant.   All the notes were delivered by defendant except one, which had previously been transferred to a stranger, plaintiff not being aware of this, and defendant representing, and plaintiff believing, that the notes which were delivered were all the notes which he had executed to defendant.   Plaintiff, having subsequently been charged upon this outstanding note, brought this action, and recovered damages for a breach of the contract.

Defendant brings error, and his contentions can be reduced to the single proposition that plaintiff cannot affirm the settlement, and yet recover for the fraud of defendant in failing to deliver the note in question.   We think the defendant misunderstands, or at best fails to answer, the theory of plaintiff.   This is not an attempt to repudiate a settlement.   Plaintiff sold certain property to defendant, for which he agreed to pay a certain sum in cash and certain notes, which the jury found included the note in question.   He paid the cash and part of the notes, but failed to deliver one of them, and plaintiff, so far from repudiating the agreement, relies upon it, and bases his action upon it.   The case is like *Lampson* v. *Cummings*, 52 Mich. 491.

Judgment affirmed.

The other Justices concurred.